Print



| | |
|---|---|
| Case : | 6002409 - STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY |
| Case Type: | No Fault Litigation |
| Case SubType: | Litigation |
| Status: | Answer |
| From: | Law Offices Of Melissa Betancourt, PC |
| To: | |
| Category: | Motions & OTSC |
| Type: | Affirmation in Opposition |
| Staff: | Staff: Betancourt, Melissa |

START DESCRIPTION
affirmation in opposition to temporarily stay and enjoin
END DESCRIPTION

+ + + C#6002409#22#85##2#649#2# + + +
+ + + C#6002409#22#85##2#649#2# + + +

SA0000052278_000028490

Generated By Nadour, Chafiaa at 3:44 PM, Tuesday, March 21, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

                  Plaintiff,

vs.

JAMAICA WELLNESS MEDICAL, P.C.,
BRIJ MITTAL, M.D., MARC LAMPA, D.C.,
UNITED WELLNESS CHIROPRACTIC,
P.C., GREGORY MILLER a/k/a GREGORI
MICKILWSKI, DAILY MEDICAL
EQUIPMENT DISTRIBUTION CENTER,
INC., LIDA'S MEDICAL SUPPLY, INC.,
And DAVID SAFIR

                  Defendants.
------------------------------------------------------------------X

CIVIL ACTION:
Docket No.: 1:16-cv-04948

**AFFIRMATION IN
OPPOSITION TO
TEMPORARILY STAY AND
ENJOIN**

MELISSA BETANCOURT, ESQ., an attorney duly admitted to the practice of law in the courts of the State of New York, hereby affirms the following to be true pursuant to CPLR 2106 and under an awareness of the penalties of perjury:

1. I am the attorney of record for defendants JAMAICA WELLNESS MEDICAL, P.C., BRIJ MITTAL, M.D., MARC LAMPA, D.C., UNITED WELLNESS CHIROPRACTIC, P.C. and DAVID SAFIR in the above entitled action, and, as such, I am fully familiar with the facts and circumstances of the proceedings herein based on our files and investigation. This affirmation is submitted in opposition to the plaintiff's motion for (1) an order temporarily staying arbitration and state court proceedings by defendants against plaintiff seeking the payment of unpaid bills until the resolution of the instant litigation; and (2) an order temporarily enjoining the defendants from commencing and prosecuting, or causing to be commenced or prosecute, proceedings against plaintiff either through arbitration or in the state court until the resolution of the instant litigation.

2. A preliminary injunction is an "extraordinary and drastic remedy, one that should **not be granted** unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (emphasis in original) (quoting 11A.C. Wright, A. Miller, & M. Kane, 170 Federal Practice and procedure Section 2948, pp. 129-130 (2d ed. 1995). See also, Estee Lauder Companies Inc. v. Batra, 430 F.Supp.2d 158 (S.D.N.Y. 2006). A preliminary injunction may be granted only when the party seeking the injunction established that "(1) absent injunctive relief, it will suffer irreparable harm, and (2) either (a) that it is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." No Spray Coalition, Inc.. v. City of New York, 252 F.3d 148, 150 (2d Cir. 2001) (quoting Otokoyama Co. Ltd. V. Wine of Japan Import, Inc., 175 F.3d 266, 270 (2d Cir. 1999); See also, Estee Lauder Companies Inc. v. Batra, 430 F.Supp.2d 158 (S.D.N.Y. 2006), Kamerling v. Massanari, 295 F.3d 206 (2d Cir. 2002), Waldman Pub. Corp. v. Landoll, Inc., 43 F.3d 775 (2d Cir. 1994). The plaintiff has clearly failed to meet its burden, by a clear showing, that it is entitled to the injunctive relief requested.

3. Before a court may consider the other requirements for a preliminary injunction, the movement must first make a showing of irreparable harm, which "is '[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction.'" Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002) (quoting Bell & Howell: Mamiya Co. v. Masel Supply Co., 719 F.2d 42, 45 (2d Cir. 1983). To establish irreparable harm, '[a] moving party must show that the injury it will suffer is likely and imminent, not remote or speculative, and that such injury is **not** capable of being fully remedied by money damages." NAACP v. Town of East Haven, 70 F.3d 219, 224 (2d Cir. 1995) (citing Reuters, 903 F.2d at 907); See also, State of New York v.

Shinnecock Indian Nation, 280 F.Supp.2d 1 (E.D.N.Y. 2003). Irreparable injury means injury for which a monetary award cannot be adequate compensation. See, Jackson Dairy Inc. v. H.P. Hood & Sons, Inc., 596 f.2d 70 (2d Cir. 1979), Sperry International Trade, Inc. v. Government of Israel, 670 F.2d 8 (2d Cir. 1982).

4. The plaintiff's claim of irreparable harm is based on the allegation that there **potentially may be** contradictory conclusions reached in the pending arbitrations and state court proceedings. However, this allegation is merely speculative at best. First, the plaintiff would be given the opportunity to submit evidence at these arbitrations and court proceedings which allegedly support the allegations made in the action herein. In addition, in the unlikely event that the plaintiff is successful in this action herein, it would still be able recover a monetary award for any inconsistent arbitration or state court determinations.

5. Further, the plaintiff alleges in paragraph "75" of its complaint that the alleged fraudulent activity of the defendants was discovered around April of 2013. However, the plaintiff did not commence this action herein until September of 2016, or almost three and a half years after the alleged fraud was discovered. The plaintiff has provided no reason for this unreasonable delay in commencing this action. Indeed, '[u]nreasonable delay in bringing suit is strong evidence that immediate injunctive relief is not required to prevent irreparable harm." Andersen Consulting LLP v. Am Mgmt.. Sys., Inc., No. 95 Civ. 5428 (KTD), 1995 WL 510042 at 4 (S.D.N.Y. Aug. 28, 1995). See also, Transcience Corporation and Yolanda Von Braunhut v. Big Time Toys, LLC., No. 13-cv-6642 (ER) (S.D.N.Y. 2014).

6. The plaintiff alleges that the defendants' claims being litigated in different venues would unduly harass and burden State Farm Mutual. However, the granting of the injunction would actually reward the plaintiff herein for its unreasonable delay in commencing this action. In addition, contrary to the plaintiff's allegations, the defendants herein would suffer harm if the

stay is granted. The defendants have been litigating the state court actions for years. In many instances the defendants have successfully opposed motions and the cases are scheduled for trial. The defendants would be greatly harmed and prejudiced if the trials and arbitration hearings are stayed for an indefinite amount of time pending the determination of this action. It must be pointed out that at this time, the plaintiff has not responded to the defendants' discovery demands and depositions of the parties have not yet been scheduled.

7. Further, the plaintiff alleges that allowing the defendants' claims to be litigated in different venues would be detrimental to judicial economy. However, the issue of judicial economy has absolutely no relevance as to whether the plaintiff would suffer irreparable harm if the pending arbitrations and state court actions were not stayed.

8. The defendants submit that the plaintiff has failed to establish that it would be irreparably harmed if it is not granted injunctive relief. As such, the plaintiff's motion for a stay must respectfully be denied. However, it is the defendants' contention that the plaintiff further fails to demonstrate a likelihood of success on the merits or has demonstrated sufficiently serious questions going to the merits to make them fair grounds for litigation.

9. The plaintiff alleges a scheme on the part of the defendants to submit false and fabricated bills and medical records. Specifically, it is alleged that the defendants established pre-determined treatment protocols in order to maximize reimbursement by billing for an extensive list of unnecessary and excessive treatment, testing and equipment provided to persons who were provided in motor vehicle accidents. However, noticeably absent from the plaintiff's motion is any evidence that the treatment rendered by the defendants was unnecessary and excessive. The plaintiff fails to include in its motion an affirmation from a doctor setting forth that the services rendered by the defendants were, in fact, unnecessary and excessive.

10. The plaintiff alleges that in order to make out a common law fraud claim in New York, a plaintiff must plead and prove four prongs. The first prong is that the defendants made a misrepresentation or omission of material fact. The plaintiff merely alleges that the material misrepresentations include all of the medical records which include false injuries and treatment, testing, and equipment that had no medical benefit. The plaintiff offers absolutely no proof that the treatment, testing and equipment had no medical benefit. As previously indicated, absent from the plaintiff's motion is an affirmation from a doctor attesting to the fact that based upon his or her review of the medical records, the treatment and testing provided by the defendants were not medically necessary.

11. The remaining prongs which must be plead and proven are that the misrepresentation and/or omissions were made with the intent to deceive; the plaintiff justifiably relied on the misrepresentations and/or omissions; and the plaintiff's injury was caused by the misrepresentations and omissions. In this instance the plaintiff's attorney merely alleges in his memorandum in support of the motion that State Farm Mutual relied on the supporting documentation to their detriment and was injured as a result. However, the plaintiff has not produced an affidavit from an individual from State Farm Mutual attesting to the alleged misrepresentation and that State Farm relied on the alleged misrepresentation. It also pointed out that the plaintiff's complaint was not verified by an officer of Stata Farm Mutual. In short, the plaintiff has not submitted any documentation, affidavits, or other evidence setting forth the existence of fraud. See, <u>Demeris Tolbert v. Carl j. Koenigsmann</u>, No. 9:13-cv-1577 (N.D.N.Y. 2016). As such, the plaintiff has not demonstrated a likelihood of success on the merits or a showing of sufficiently serious questions going to the merits to make them a fair ground for litigation. Therefore, the plaintiff is clearly not entitled to a stay of the pending arbitrations and state court litigations.

12. It is also obvious that balance of hardships tip decidedly in favor of the plaintiff's motion for a temporary stay be denied. In fact, the defendants would suffer great hardship and be greatly prejudiced if the plaintiff's motion is granted. The defendants' pending claims are for reimbursement of no-fault benefits for services that the defendants provided to their assignors. The plaintiff herein has refused to reimburse the defendants for these claims which are due and owing. After years of litigating these claims, many of these claims are on the trial calendar with scheduled trial dates. The defendants herein would be greatly prejudiced if the trials in these cases are now stayed for an indefinite period of time pending the determination of the matter herein. This is especially the case herein where the plaintiff did not commence this action until almost three and a half years after the discovery of the alleged fraud. It is submitted that if the plaintiff was concerned with the possibility of inconsistent adjudications, it should have been more diligent in commencing the action herein. Further, all of these pending claims in the state courts were commenced prior to the action herein.

13. Pursuant to the above, it is clear that the plaintiff has failed to establish that it is entitled to a preliminary injunction staying pending arbitration and state court proceedings as well as enjoining defendants from commencing proceedings until the resolution of this action. As such, the plaintiff's motion must respectfully be denied in its entirety.

**WHEREFORE**, defendants JAMAICA WELLNESS MEDICAL, P.C., BRIJ MITTAL, M.D., MARC LAMPA, D.C., UNITED WELLNESS CHIROPRACTIC, P.C. and DAVID SAFIR respectfully request that the plaintiff's motion be denied in its entirety, and that the defendants have such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
March 20 2017

_____
**MELISSA BETANCOURT**

STATE OF NEW YORK
                    ss.:
COUNTY OF KINGS

      **FRANK D'ESPOSITO,** an attorney duly admitted to practice law in the State of New York, affirms the truth of the following under penalty of perjury:

      I am not a party to the action, am over the age of eighteen (18) years and reside in Stony Point, New York. On March 21, 2017, I served the within

**AFFIRMATION IN OPPOSITION TO TEMPORARILY STAY AND ENJOIN**

By depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

GOLDBERG, MILLER & RUBIN, P.C.
797 Third Avenue, 24th Floor
New York, New York 10017


Dated: Brooklyn, New York
      March 21, 2017

                                                          _____
                                                          FRANK D'ESPOSITO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                CIVIL ACTION:
                                                 Docket No.: 1:16-cv-04948

                    Plaintiff,

        vs.

JAMAICA WELLNESS MEDICAL, P.C.,
BRIJ MITTAL, M.D., MARC LAMPA, D.C.,
UNITED WELLNESS CHIROPRACTIC,
P.C., GREGORY MILLER a/k/a GREGORI
MICKILWSKI, DAILY MEDICAL
EQUIPMENT DISTRIBUTION CENTER,
INC., LIDA'S MEDICAL SUPPLY, INC.,
And DAVID SAFIR

                    Defendants.
------------------------------------------------------------------------X
**AFFIRMATION IN OPPOSITION TO TEMPORARILY STAY AND ENJOIN**

LAW OFFICES OF MELISSA BETANCOURT, P.C.
2761 BATH AVENUE, SUITE B1 & B2
BROOKLYN, NEW YORK 11214
(718)336-8076