UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>　　　　　Plaintiff<br><br>vs.<br><br>JAMAICA WELLNESS MEDICAL, P.C., BRIJ MITTAL, M.D., MARC LAMPA, D.C., UNITED WELLNESS CHIROPRACTIC, P.C., GREGORY MILLER a/k/a GREGORI MICKILWSKI, DAILY MEDICAL EQUIPMENT DISTRIBUTION CENTER, INC., LIDA'S MEDICAL SUPPLY, INC., and DAVID SAFIR<br><br>　　　　　Defendants | CIVIL ACTION:<br>Docket No.: 1:16-cv-04948<br><br><br>Plaintiff Demands a Jury Trial |

## ORDER

**AND NOW,** on this _____ day of _____ 2017, upon consideration of Plaintiff's Motion to Stay and Enjoin, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED** and all arbitration and state court proceedings seeking payment of No-Fault Benefits brought by Defendants, Jamaica Wellness Medical, P.C., Brij Mittal, M.D., Marc Lampa, D.C., United Wellness Chiropractic, P.C., Gregory Miller, Daily Medical Equipment Distribution Center, Inc., and Lida's Medical Supply, Inc. against State Farm are stayed.

**IT IS FURTHER ORDERED** that Defendants, Jamaica Wellness Medical, P.C., Brij Mittal, M.D., Marc Lampa, D.C., United Wellness Chiropractic, P.C., Gregory Miller, Daily Medical Equipment Distribution Center, Inc., and Lida's Medical Supply, Inc. are enjoined from filing and prosecuting claims in state court or arbitrations against State Farm.

BY THE COURT:

_____
The Honorable Steven M. Gold

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>　　　　Plaintiff<br><br>vs.<br><br>JAMAICA WELLNESS MEDICAL, P.C., BRIJ MITTAL, M.D., MARC LAMPA, D.C., UNITED WELLNESS CHIROPRACTIC, P.C., GREGORY MILLER a/k/a GREGORI MICKILWSKI, DAILY MEDICAL EQUIPMENT DISTRIBUTION CENTER, INC., LIDA'S MEDICAL SUPPLY, INC., and DAVID SAFIR<br><br>　　　　Defendants | CIVIL ACTION:<br>Docket No.: 1:16-cv-04948 |

**PLAINTIFF'S REPLY BRIEF TO DEFENDANTS' RESPONSE TO THE MOTION FOR A TEMPORARY INJUNCTION**

Plaintiff, State Farm Mutual Automobile Insurance Company (hereinafter, "State Farm Mutual"), through its attorneys, Goldberg, Miller & Rubin, P.C., respectfully files this Reply Brief to address arguments made by the Defendants in their Response to the Motion for a Temporary Injunction.

In their Response, Defendants make four (4) arguments opposing the motion for a temporary injunction: 1) State Farm Mutual failed to establish irreparable harm; 2) State Farm Mutual unreasonably delayed in bringing this lawsuit; 3) State Farm Mutual failed to establish that the hardships tip decidedly in favor of granting the temporary injunction; and 4) State Farm Mutual fails to demonstrate a likelihood of success on the merits or failed to demonstrate sufficiently serious questions going to the merits to make them fair grounds for litigation. For all of the reasons set forth in the Motion for Temporary Injunction and this Reply Brief, the

Defendants arguments lack merit and State Farm Mutual has more than established these elements to justify the requested relief.

### A. State Farm Mutual Will Suffer Irreparable Harm Should the Injunction Not Be Granted

State Farm Mutual respectfully incorporates its arguments set forth in its motion for injunction relief. In addition to these arguments, it should be noted that the Courts have consistently held:

> [T]he Plaintiffs have satisfied the irreparable harm injury standard by showing the **destructive effect that scores of fragmented state actions** on the issues raises here would have on this court's ability to afford the parties full, final and complete relief.

Bruce v. Martin, 680 F.Supp. 616, 622 (S.D.N.Y. 1988). Additionally, as the Court stated in Allstate Insurance Company v. Elzanaty, 929 F.Supp.2d 199 (E.D.N.Y. 2013) "allowing a large number of proceedings to be heard by a mix of arbitrators, each of whom will likely come to their own independent and potentially contradictory conclusions" will result in a harm to the carrier from which it cannot recover. Id. at 222.

There is nothing speculative about the irreparable harm in the instant matter. To date, the Defendants have filed at least twenty (20) arbitrations and seventy-six (76) lawsuits that are currently pending. A temporary injunction is necessary to prevent inconsistent findings in these matters, which will be decided by different arbitrators and state court judges in Civil Court. The multiplicity of these proceedings will undoubtedly result in inconsistent decisions and present *res judicata* issues in this lawsuit. Any inconsistent decisions will cause this Court to conduct collateral hearings to determine what issue was dispositive in the state court or arbitration matter and what evidence and arguments were set forth and presented to determine if there was substantive decision on the merits. The harm caused by these inconsistent decisions cannot be

remedied by money damages, nor have the Defendants cited any case law where a court did not find that *res judicata* concerns satisfies the irreparable harm element.

### B. There Was No Unreasonable Delay in Bringing This Lawsuit

Defendants argue that the Complaint states the "fraudulent activity of the defendants was discovered around April of 2013." This is simply not accurate. The Complaint actually states that the "fraudulent activity was not discovered until sometime <u>after</u> April 2013" (emphasis added). The Defendants mischaracterization of the Complaint is irrelevant for purposes of this motion as there is no evidence of any delay in commencing this action. In the Complaint, State Farm Mutual only disclosed the date it opened its project investigation, which was in April 2013. It was at a later point in time that State Farm Mutual discovered the fraudulent conduct at issue, including after retaining counsel and a consulting expert. In fact, the majority of the claims at issue arose after April 2013 and Defendant, Lida's Medical Supply was not incorporated until October 2014.

### C. State Farm Has Established That the Hardships Tip Decidedly in Favor of Granting the Temporary Injunction

In their motion, the Defendants argue that, "the defendants would suffer harm if the stay is granted." This argument is not only inaccurate, but it is disingenuous. At the time the motion was filed, there were fifty-eight (58) outstanding arbitrations and state court lawsuits filed by Jamaica Wellness Medical (out of 96 total). Defendants' argument is disingenuous because in this litigation, defense counsel has indicated that due to Dr. Mittal's health issues, "Dr. Mittal does not have the capabilities to respond to any discovery demands on behalf of himself or [Jamaica] Wellness Medical, P.C." *(See Exhibit "A" for the email of Frank D'Esposito dated February 28, 2017).* In essence, defense counsel is arguing that Dr. Mittal [and Jamaica Wellness Medical] are not capable of participating in this lawsuit, but are fully capable of

participating in the fifty-eight (58) arbitration and state court cases. Additionally, a stay will not harm Jamaica Wellness Medical because every state court and arbitration claim is also stated in the Counterclaim.[1]

### D. State Farm Mutual Has Established Sufficiently Serious Questions Going to the Merits to Make Them Fair Grounds for Litigation

As noted in the Motion for Temporary Injunctive Relief, the court need not decide the ultimate issue in the case at this time, only conclude that State Farm Mutual's averments raise a sufficiently serious question to be fair ground for the litigation. See Nature's Bounty, Inc. v. Superx Drugs Corp., 490 F.Supp. 50, 54 (E.D.N.Y. 1980). In their Response, the Defendants' argue that State Farm Mutual failed to meet their burden because an affidavit of a physician was not attached to the motion. Defendants' argument, however, is not supported by case law, nor is an affidavit required. Additionally, any argument that State Farm Mutual's Complaint is defective is not supported by case law, nor was there a challenge to the sufficiency of the Complaint.

As explained in the Motion for Temporary Injunctive Relief, the Complaint, along with the detailed exhibits, State Farm Mutual has more than established sufficiently serious questions going to the merits to make them fair ground for litigation. The Complaint and its exhibits detail how the Defendants implemented a pre-determined treatment protocol to treat patients the same way across the board and without regard to the individual issues of each patient. It should be noted that no depositions have been taken this far, nor has Dr. Mittal and Jamaica Wellness Medical responded to discovery despite a Court Order to do so. At this procedural point, State Farm Mutual has more than established "sufficiently serious questions going to the merits" to

---

[1] Besides Dr. Mittal and Jamaica Wellness Medical, thirty-four (34) of the ninety-six (96) arbitrations and state court actions were filed by Daily Medical Equipment Distribution Center, Inc. and Lida's Medical Supply, Inc., who have not responded to this lawsuit or this motion.

make them a fair ground for litigation.

                                          Respectfully submitted,

                                        ***GOLDBERG, MILLER & RUBIN, P.C.***

                 BY:       /s/
                             MATTHEW MORONEY, ESQUIRE (mm6572)
                             767 Third Avenue
                             24th Floor
                             New York, NY 10017
                             646-863-1531
                             *Counsel for Plaintiff*

DATED: March 29, 2017              *State Farm Mutual Automobile Insurance Company*