Print



| | |
|---|---|
| **Case :** | **6002409 – STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** |
| **Case Type:** | **No Fault Litigation** |
| **Case SubType:** | **Litigation** |
| **Status:** | **Answer** |
| **From:** | **Law Offices Of Melissa Betancourt, PC** |
| **To:** | |
| **Category:** | **Motions & OTSC** |
| **Type:** | **Affirmation in Opposition - Plaintiff** |
| **Staff:** | **Staff: Betancourt, Melissa** |

START DESCRIPTION
AFFIRMATION IN OPPOSITION
END DESCRIPTION
**+ + + C#6002409#22#649##2#649#2# + + +**
**+ + + C#6002409#22#649##2#649#2# + + +**

SA0000146575_000028490

Generated By Prochet, Jordan at 4 23 PM, Thursday, May 17, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

              Plaintiff,

          vs.

JAMAICA WELLNESS MEDICAL, P.C.,
BRIJ MITTAL, M.D., MARC LAMPA, D.C.,
UNITED WELLNESS CHIROPRACTIC,
P.C., GREGORY MILLER a/k/a GREGORI
MICKILWSKI, DAILY MEDICAL
EQUIPMENT DISTRIBUTION CENTER,
INC., LIDA'S MEDICAL SUPPLY, INC.,
And DAVID SAFIR

              Defendants.

----------------------------------------------------------------------------X

**CIVIL ACTION:**
**Docket No.: 1:16-cv-04948**

**<u>AFFIRMATION IN
OPPOSITION TO
ENFORCE SETTLEMENT</u>**

     MELISSA BETANCOURT, ESQ., an attorney duly admitted to the practice of law in the courts of the State of New York, hereby affirms the following to be true pursuant to CPLR 2106 and under an awareness of the penalties of perjury:

     1.    I am the attorney of record for defendants JAMAICA WELLNESS MEDICAL, P.C. ("JAMAICA"), BRIJ MITTAL, M.D., MARC LAMPA, D.C., UNITED WELLNESS CHIROPRACTIC, P.C. and DAVID SAFIR  in the above entitled action, and, as such, I am fully familiar with the facts and circumstances of the proceedings herein based on our files and investigation.   This affirmation is submitted in opposition to the plaintiff's motion to enforce an alleged settlement agreement.   The plaintiff argues that a settlement agreement has been reached between the plaintiff and defendants JAMAICA and BRIJ MITTAL.  However, as set forth below, it is clear that the plaintiff's motion must respectfully be denied.

2.      The plaintiff alleges that the settling parties concluded the drafting process of a written document on January 23, 2018. However, it is clear from the subsequent conduct of plaintiff's counsel that a binding settlement agreement was not reached between the parties.

3.      The plaintiff previously served subpoenas on non-parties to appear for depositions. Thereafter, the defendants moved to quash the subpoenas. On January 12, 2018, this Court issued an order denying the defendants' Motion to Quash without prejudice to renew **if the parties are unable to reach a settlement and remain unable to agree on the scope of non-party discovery even after the defendants are deposed.** Despite the fact that the defendants have not yet been deposed, the plaintiff, on or about May 1, 2018, again sent correspondences to the same non-parties demanding that they appear for depositions. A copy of these correspondences is annexed hereto as **Exhibit "A"**. By again demanding that the non-parties appear for depositions, the plaintiff is acknowledging that the parties were unable to reach a settlement. It is telling that the plaintiff is seeking a non-party deposition of Amita Mittal, the wife of Dr. Mittal, who was the owner of JAMAICA. First, it appears that the plaintiff's demand to have Ms. Mittal appear for a deposition was done solely to harass and intimidate an elderly woman who has no knowledge of the business practices of JAMAICA. Secondly, the demand for Ms. Mittal's deposition is a clear indication that the plaintiff's do not consider this matter settled as to JAMAICA and Dr. Mittal.

4.      Alexander Haselkorn, who is not a named defendant in this action, is the present owner of JAMAICA. On May 2, 2018, the plaintiff's counsel sent this office an e-mail indicating that the plaintiff has subpoenaed Dr. Haselkorn for a deposition, A copy of this e-mail in annexed hereto as **Exhibit "B"**. Clearly, if the plaintiff believed that this matter was actually settled as to JAMAICA and Ms. Mittal, it would not have subpoenaed Dr. Haselkorn for a deposition.

5.     On May 8, 2018, the plaintiff's counsel, through an e-mail, provided a list of individuals and wanted to know if any of them were presently employed by JAMAICA.  A copy of this e-mail is annexed hereto as **Exhibit "C"**.  It is again submitted that if the plaintiff considered this matter settled as to JAMAICA, it would not be interested in the names of individuals employed by JAMAICA.  The actions of the plaintiff are clearly inconsistent with its allegation that this matter has been settled as to defendants JAMAICA and Dr. Mittal.

6.     The plaintiff alleges that through e-mails, a settlement agreement has been reached between the plaintiff and defendants JAMAICA and Dr. Mittal.  However, the courts have regularly refused to enforce alleged settlement agreements without a signed writing, even where the parties ultimately agreed on all material terms and those terms had been laid out in communications between the parties.  See, H & R Block Tax Services, LLC, v. Judy Strauss, No. 1:15-CV-0085 (LEK/CFH) (U.S.D.C., N.D. New York); Balaban-Krauss, 2014 WL 2927289, at 4 (finding that the type of settlement agreement at issue is usually committed to writing even though the parties exchanged multiple e-mails regarding the terms of the agreement).

7.     The plaintiff alleges that the parties agreed to all of the essential terms which were manifested by a January 23, 2018 e-mail.  However, that is not the case.  As set forth in the January 23, 2018 e-mails, the question as to whether Judge Gold was to maintain jurisdiction regarding the legal fees provision was still not decided (**See Exhibit "D"** herein).  Further, by e-mail sent on January 30, 2018, the plaintiff's counsel acknowledged that several changes were subsequently made to the settlement agreement.  In fact, in his e-mail reference, he merely refers to the alleged agreement as a **2nd Draft** (See **Exhibit "E"** herein).  This is a clear indication that the plaintiff did not believe that an agreement was finalized between the parties.  In addition, the defendants have sent to the plaintiff the medical records of Dr. Mittal, which indicates that Dr. Mittal is suffering from a degenerative neurological condition.  As such, it is impossible to

discuss this matter with Dr. Mittal by telephone. Therefore, by an e-mail sent on February 21,

2018, the plaintiff's counsel was advised that I was meeting with Dr. Mittal and his family that

night (See **Exhibit "F"** herein). Plaintiff's counsel was requested not to send any documents to

the court until after the meeting. It was at that time that the defendants advised me that they did

not want to settle at this time. Contrary to the plaintiff's allegations, the e-mails sent between the

parties' attorneys never manifested into an enforceable settlement agreement.

8.     The plaintiff acknowledges that there is no material difference between the

applicable state law and federal law concerning what constitutes a settlement. Pursuant to CPLR

2104, "an agreement between parties or their attorneys relating to any matter in an action, other

than one made between counsel in open court, is not binding unless it is subscribed by him in

writing by him or his attorney or reduced to the to the form of an order and entered. The courts

have continually held that "open court" settlement agreements are not enforceable unless they

are complete and have definite terms. See, <u>Matter of Dolgin Eldert Corp.</u>, 31 NY2d 1 (1972);

<u>Kalomiris v. County of Nassau</u>, 121 AD2d 367 (1986); <u>Diarassouba v. Urban</u>, 71 A.D.3d 51, 892

N.Y.S.2d 410 (2d. Dept). The plaintiff asserts that the defendants notified the Court that this

matter had settled. However, there was no recitation of the terms of any agreement on the record

in open court, nor any discussion of the terms, or assent to any terms by any of the parties or

their counsel. The mere act by counsel informing the judge that the parties expected a settlement

to be reached, where the terms of the agreement were not discussed or agreed to on the record,

does not constitute a binding agreement. See, <u>Sprint Communications Company L.P. v. Jasco</u>

<u>Trading, Inc., YRB Trading Corp.</u>, No. 12-CV-5048 (MKB) (U.S.D.C., S.D. N.Y.). Clearly, the

fact that the Court was merely informed about a potential agreement, without the recitation of

terms, does not constitute an enforceable agreement.

9.     The second Circuit has outlined four factors to be considered in determining whether the parties intended to be bound by an oral agreement despite the failure to execute formal settlement documents.  Winston v. Mediafare Entm't Corp., 777 F.2d 78, 80 (2d Cir. 1985).  The factors are: (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.  An examination of the aforementioned factors to the facts herein clearly demonstrate that the parties did not intend to be bound by the alleged oral agreement.

10.     The plaintiff alleges that there has been no express reservation of the right not to be bound in the absence of a writing.  The Court in Winston clarified that this factor is to be answered in the affirmative when language in the parties' correspondence "reveal[s] such an intent."  See Winston, 777 F.2d at 81; Grgurev v. Licul, No. 1:15-CV-9805-GHW.  The draft settlement agreement was drafted by the plaintiff, which demonstrates that it was the plaintiff's intent for the parties to execute a written agreement.  The e-mails of the plaintiff's counsel clearly establishes the plaintiff's insistence of formalizing the agreement in writing and signed by the parties.  Further, even the proposed settlement agreement demonstrates that the parties were not to be bound by any agreement unless in writing.  Provision "10" of the draft agreement reads: **Modification and Waiver.  This Agreement may be modified or amended only by a writing signed by all Settling Parties hereto and explicitly referencing this Agreement.**  An objective examination of the plaintiff's counsel's correspondences and the draft agreement reveals the plaintiff's intent not to be bound until a written settlement agreement was executed.  Thus, the plaintiff's claim that there has been no express reservation of the right not to be bound in the absence of writing lacks merit.

11.     The plaintiff's argument that there has been partial performance of the contract also lacks merit.  The plaintiff desperately argues that there had been partial performance of the contract solely because the defendants' counsel allegedly never questioned State Farm's corporate designee at his deposition about bills or records of JAMAICA and Dr. Mittal.  First, the plaintiff conveniently fails to state that its witness, John Costanzo, possessed no knowledge regarding the bills and records of JAMAICA and Dr. Mittal.  Secondly, the plaintiff acknowledges that it did not undertake any performance of the agreement.  The plaintiff does not allege that it cancelled any discovery activities.  However, even if it did, cancellation of discovery activities is simply not the kind of "performance" that suffices to establish an intent to be bound, because it is just as consistent with an intent to negotiate a settlement as it is with an intent to be bound by an already negotiated settlement.  See, Nieves, 2011 WL 5331018, at 4; Grgurev v. Licul, *supra*.

12.     "Partial performance requires some actual performance on the contract," and the party attempting to enforce the agreement must have conferred something of value on the party on the party disclaiming the agreement.  PA. Bergner & Co. v. Martinez, 823 F.Supp. 151, 157 (S.D.N.Y. 1993); See, H & R Block Tax Services, LLC, v. Judy Strauss, (U.S.D.C., N.D.N.Y.). In this case, neither the plaintiff nor defendants have performed any of the terms of the alleged settlement agreement.  Therefore, this factor weighs against the plaintiff's attempt to enforce the alleged settlement agreement.  See, Conway v. Brooklyn Union Gas Co., 236 F.Supp. 2d 241, 250 (E.D.N.Y. 2002).

13.     The plaintiff further alleges that all the terms of the contract have been agreed upon. However, that is not the case.  The plaintiff acknowledges that an open term of the agreement was whether Judge Gold was to maintain jurisdiction regarding the legal fees provision.  In fact, Judge Gold was never sent a correspondence requesting that he maintain jurisdiction concerning

the legal fees provision. It was not certain that the Court would even agree to maintain jurisdiction of this issue. In addition, as previously set forth, the defendants notified the plaintiff's counsel by e-mail on February 21, 2018, that I was in the process of discussing the settlement terms with Dr. Mittal and his family. This is a clear indication that a settlement agreement was not reached.

14.     In addition, the plaintiff alleges that the parties concluded the drafting process of the written document on January 23, 2018. The plaintiff admits in a subsequent e-mail sent on January 30, 2018, that modifications were made to the agreement draft. The plaintiff claims that these changes were non-substantive. However, the Second Circuit cautioned in <u>Winston</u>, *supra,* that even "minor or technical," changes made to a written document subsequent to the parties' oral agreement weighed against a finding that the oral agreement was binding. <u>Winston</u>, 777 F.2d at 82. ("the fact that such changes were minor and that oral agreement was actually reached on all of the remaining terms does not necessarily lead to the conclusion that the parties were bound prior to these modifications"). See, <u>Sprint Communications Company L.P. v. Jasco Trading, Inc., YRB Trading Corp.</u>, No. 12-CV-5048 (MKB) (U.S.D.C., E.D.N.Y.). Thus, contrary to the allegations of the plaintiff, the all of the terms of the alleged contract had not been agreed upon.

15.     The plaintiff lastly argues that the agreement at issue is the type of contract that is not necessarily committed to writing. However, the plaintiff's argument clearly lacks any merit.

16.     The plaintiff alleges that in this contract, defendants JAMAICA and Dr. Mittal agreed to waive any right to reimbursement to approximately $600,000 worth of claims. All pending claims against State Farm would be discontinued. This would have required the defendants to execute a stipulation of discontinuance for each pending claim. The alleged agreement also required the defendants to refrain from billing State Farm in the future. The

plaintiff also insisted that the alleged agreement include default provisions, remedy provisions and notice provisions as well.  Clearly, the alleged agreement was complicated and complex, which is demonstrated by the number of drafts which were exchanged between the parties.  The fact that Dr. Haselkorn, a non-party, is the present owner of JAMAICA, further increased the complexity of the case.  Due to the complexity of the terms of the alleged agreement, it is clear that it is the type of an agreement that one would expect it to be put in writing and executed.  See, H & R Block Tax Services, LLC, v. Judy Strauss, No. 1:15-CV-0085 (LEK/CFH) (U.S.D.C., N.D.N.Y.).

17.    The plaintiff alleges that the agreement at issue is the type of contract that is not necessarily committed to writing.  However, this allegation is contrary to the conduct of the plaintiff's counsel throughout the negotiation process.  Throughout the negation process, the plaintiff's counsel kept on insisting that the draft agreement be signed.  In fact, in page "7" of the plaintiff's memorandum of law in support of its motion, the plaintiff states: "On several dates following the forwarding of the final version of the agreed upon written document, Plaintiff's counsel reached out to defense counsel **to obtain signatures on the agreed upon written document**."  This is an acknowledgment on the part of the plaintiff that the alleged agreement at issue is one that is expected to be in writing and signed by the parties.  Further, as set forth above, in the draft agreement the plaintiff insisted that any modification or amendment of the agreement be done in writing and signed by all parties.  This is another acknowledgement on the part of the plaintiff that the alleged agreement is one that was expected to be in writing and signed.  As such, the plaintiff's allegation that the agreement herein is the type of contract that is not necessarily committed to writing lacks merit.

18.    In applying the four (4) factors set forth in Winston, *supra*, to the case at hand, it is clear that the plaintiff has failed to demonstrate that it is entitled to enforcement of the alleged

settlement agreement.  Thus, the Court must respectfully deny the enforcement of the alleged

settlement agreement.

   **WHEREFORE**, defendants JAMAICA WELLNESS MEDICAL, P.C. and BRIJ

MITTAL, M.D. respectfully request that the plaintiff's motion be denied in its entirety, and that

the defendants have such other and further relief as this Court deems just and proper.

   Dated:  Brooklyn, New York
       May 16 2017

_____
   **MELISSA BETANCOURT**



CY GOLDBERG °•*
LORI C. MILLER °•
JASON W. RUBIN •*•
EAMON C. MERRIGAN °•
RICHARD M. CASTAGNA °•*
MATTHEW A. MORONEY °•*•
CLAIRE B. NEIGER °• ^
KRISTINE MEINDL °•
JOSEPH W. PETKA •
WARREN D. HOLLAND °•*
DANA M. KOOS •
LUCILLE BITTERMAN °•
IAN T. KINGSLEY °•*
JEFFREY E. TENTHOFF •*•
JILLIAN VUKSON •
VIRGINIA KING °•



•* ALEXANDER W. COGBILL
°• JOEL H. FEIGENBAUM
• LAUREN B. GLYNN
°• JESSICA SMERIGLIO
• TYSON M. MOTT
• MATTHEW D. LAVOIE
°• BRANDON EVANGELIST
°• BRETT A. KIER
• * SAMANTHA PULLMAN
°• KATELYN HUTCHISON
• KEVIN CARTER
° ALEXANDRA MARKWARD
• ROBERT BOGLE
• THOMAS HOLMGREN
• JENNIFER CARAWAY

GOLDBERG, MILLER & RUBIN

767 THIRD AVENUE, 24ᵀᴴ FLOOR, NEW YORK, NY 10017
PH 646.863.1531 | FAX 929.214.4181 | WWW.GMRLAWFIRM.COM

May 1, 2018

Nabil A. Elhadidy, M.D.
200 Kenilworth Avenue
Staten Island, NY 10312

Re:   **State Farm Mut. Auto. Ins. Co. v. Mittal, M.D., et al**
      **Docket No.:**        1:16-cv-04948 (E.D.N.Y.)
      **Our File Number:**   SF.00071

Dear Dr. Elhadidy:

You were previously served with a subpoena to appear for a deposition in the above referenced matter. This deposition was scheduled to occur on November 3, 2018. You did not appear for the deposition.

Since that time, we have attempted to work out a settlement, but have been unsuccessful in reaching a settlement with some of the Defendants and, therefore, the litigation continues.

I request that you provide dates for the rescheduling of your deposition to occur on a date in May 2018. If I do not hear back from you by May 7, 2018 with dates for the rescheduling of your deposition, I will need to place this matter before the Court in the form of a motion to compel. It is my hope that we can avoid court intervention by mutually scheduling your deposition for a convenient date.

I look forward to hearing from you. I can be reached at 215-735-3994.

Very truly yours,

RICHARD M. CASTAGNA

RMC/tp



CY GOLDBERG ••*
LORI C MILLER °•
JASON W RUBIN •••
EAMON C. MERRIGAN •°
RICHARD M. CASTAGNA •••
MATTHEW A. MORONEY •••
CLAIRE B NEIGER °• *
KRISTINE MEINDL °•
JOSEPH W PETKA °
WARREN D. HOLLAND °•*
DANA M KOOS *
LUCILLE BITTERMAN °•
IAN T KINGSLEY •••
JEFFREY E TENTHOFF °•
JILLIAN VUKSON •
VIRGINIA KING °•

••ALEXANDER W COGBILL
°• JOEL H FEIGENBAUM
°LAUREN B. GLYNN
°• JESSICA SMERIGLIO
• TYSON M MOTT
• MATTHEW D LAVOIE
°• BRANDON EVANGELIST
°• BRETT A KIER
•• SAMANTHA PULLMAN
°• KATELYN HUTCHISON
• KEVIN CARTER
° ALEXANDRA MARKWARD
• ROBERT BOGLE
•THOMAS HOLMGREN
° JENNIFER CARAWAY

**GOLDBERG, MILLER & RUBIN**

767 THIRD AVENUE, 24TH FLOOR, NEW YORK, NY 10017
**PH** 646.863.1531 | **FAX** 929 214 4181 | **WWW** GMRLAWFIRM.COM

May 1, 2018

Billy Geris M.D.
4335 Hylan Blvd
Staten Island, NY 10312

> **Re:** **State Farm Mut. Auto. Ins. Co. v. Mittal, M.D., et al**
> **Docket No.:** **1:16-cv-04948 (E.D.N.Y.)**
> **Our File Number:** **SF.00071**

Dear Dr. Geris:

    You were previously served with a subpoena to appear for a deposition in the above referenced matter   This deposition was scheduled to occur on November 10, 2017.   You did not appear for the deposition.

    Since that time, we have attempted to work out a settlement, but have been unsuccessful in reaching a settlement with some of the Defendants and, therefore, the litigation continues.

    I request that you provide dates for the rescheduling of your deposition to occur on a date in May 2018.  If I do not hear back from you by May 7, 2018 with dates for the rescheduling of your deposition, I will need to place this matter before the Court in the form of a motion to compel.  It is my hope that we can avoid court intervention by mutually scheduling your deposition for a convenient date.

    I look forward to hearing from you.  I can be reached at 215-735-3994.

Very truly yours,

RICHARD M. CASTAGNA

RMC/tp

CY GOLDBERG •••••
LORI C. MILLER ••
JASON W. RUBIN •••
EAMON C. MERRIGAN ••
RICHARD M. CASTAGNA •••
MATTHEW A. MORONEY •••
CLAIRE B. NEIGER •• •
KRISTINE MEINDL ••
JOSEPH W. PETKA •
WARREN D. HOLLAND •••
DANA M. KOOS •
LUCILLE BITTERMAN ••
IAN T. KINGSLEY •••
JEFFREY E. TENTHOFF ••
JILLIAN VUKSON •
VIRGINIA KING ••



•• ALEXANDER W. COGBILL
•• JOEL H. FEIGENBAUM
• LAUREN B. GLYNN
•• JESSICA SMERIGLIO
• TYSON M. MOTT
• MATTHEW D. LAVOIE
•• BRANDON EVANGELIST
•• BRETT A. KIER
•• SAMANTHA PULLMAN
•• KATELYN HUTCHISON
• KEVIN CARTER
• ALEXANDRA MARKWARD
• ROBERT BOGLE
• THOMAS HOLMGREN
• JENNIFER CARAWAY

GOLDBERG, MILLER & RUBIN

767 THIRD AVENUE, 24TH FLOOR, NEW YORK, NY 10017
PH 646 863 1531 | FAX 929.214 4181 | WWW.GMRLAWFIRM.COM

May 1, 2018

Mehrzad Kohesieh, D.C.
6317 Roosevelt Avenue
Woodside, NY 11377

Re:   **State Farm Mut. Auto. Ins. Co. v. Mittal, M.D., et al**
      Docket No.:        1:16-cv-04948 (E.D.N.Y.)
      Our File Number:   SF.00071

Dear Dr. Kohesieh:

You were previously served with a subpoena to appear for a deposition in the above referenced matter. This deposition was scheduled to occur on November 20, 2017. You did not appear for the deposition.

Since that time, we have attempted to work out a settlement, but have been unsuccessful in reaching a settlement with some of the Defendants and, therefore, the litigation continues.

I request that you provide dates for the rescheduling of your deposition to occur on a date in May 2018. If I do not hear back from you by May 7, 2018 with dates for the rescheduling of your deposition, I will need to place this matter before the Court in the form of a motion to compel. It is my hope that we can avoid court intervention by mutually scheduling your deposition for a convenient date.

I look forward to hearing from you. I can be reached at 215-735-3994.

Very truly yours,

RICHARD M. CASTAGNA

RMC/tp

CY GOLDBERG **◦***
LORI C. MILLER **◦***
JASON W RUBIN **◦***
EAMON C MERRIGAN **◦***
RICHARD M CASTAGNA **◦***
MATTHEW A. MORONEY **◦***
CLAIRE B NEIGER **◦* *
KRISTINE MEINDL **◦***
JOSEPH W PETKA **◦***
WARREN D HOLLAND **◦***
DANA M KOOS *
LUCILLE BITTERMAN **◦***
IAN T. KINGSLEY **◦***
JEFFREY E TENTHOFF **◦***
JILLIAN VUKSON *
VIRGINIA KING **◦***



**◦*ALEXANDER W COGBILL
**◦* JOEL H. FEIGENBAUM
* LAUREN B GLYNN
**◦* JESSICA SMERIGLIO
* TYSON M MOTT
* MATTHEW D LAVOIE
**◦* BRANDON EVANGELIST
**◦* BRETT A KIER
**◦* SAMANTHA PULLMAN
**◦* KATELYN HUTCHISON
* KEVIN CARTER
**◦ ALEXANDRA MARKWARD
* ROBERT BOGLE
* THOMAS HOLMGREN
* JENNIFER CARAWAY

GOLDBERG, MILLER & RUBIN

767 THIRD AVENUE, 24TH FLOOR, NEW YORK, NY 10017
**PH** 646 863.1531 | **FAX** 929 214 4181 | **WWW**.GMRLAWFIRM.COM

May 1, 2018

Yongming Mao, M.D.
829 57th Street
Brooklyn, NY 11220

Re:     State Farm Mut. Auto. Ins. Co. v. Mittal, M.D., et al
        Docket Number:     1:16-cv-04948
        Our File No.:      SF.00071

Dear Dr. Mao:

You were previously served with a subpoena to appear for a deposition in the above referenced matter.  This deposition was scheduled to occur on November 2, 2017.   You did not appear for the deposition.

Since that time, we have attempted to work out a settlement, but have been unsuccessful in reaching a settlement with some of the Defendants and, therefore, the litigation continues.

I request that you provide dates for the rescheduling of your deposition to occur on a date in May 2018.  If I do not hear back from you by May 7, 2018 with dates for the rescheduling of your deposition, I will need to place this matter before the Court in the form of a motion to compel.  It is my hope that we can avoid court intervention by mutually scheduling your deposition for a convenient date.

I look forward to hearing from you.  I can be reached at 215-735-3994.

Very truly yours,

RICHARD M CASTAGNA

RMC/tp

CY GOLDBERG ◆▪†
LORI C MILLER ◆▪
JASON W RUBIN ◆▪▪
EAMON C MERRIGAN ◆▪†
RICHARD M. CASTAGNA ◆◆▪
MATTHEW A. MORONEY ◆▪
CLAIRE B NEIGER ◆▪ †
KRISTINE MEINDL ◆▪
JOSEPH W PETKA ◆
WARREN D HOLLAND ◆▪▪
DANA M KOOS ◆
LUCILLE BITTERMAN ◆▪
IAN T KINGSLEY ◆▪
JEFFREY E. TENTHOFF ◆†
JILLIAN VUKSON ◆
VIRGINIA KING ◆▪



◆▪ALEXANDER W. COGBILL
◆▪ JOEL H FEIGENBAUM
◆ LAUREN B GLYNN
◆▪ JESSICA SMERIGLIO
◆ TYSON M MOTT
◆ MATTHEW D LAVOIE
◆▪ BRANDON EVANGELIST
◆▪ BRETT A. KIER
◆▪ SAMANTHA PULLMAN
◆▪KATELYN HUTCHISON
◆ KEVIN CARTER
◆ ALEXANDRA MARKWARD
◆ ROBERT BOGLE
◆THOMAS HOLMGREN
◆ JENNIFER CARAWAY

GOLDBERG, MILLER & RUBIN

767 THIRD AVENUE, 24TH FLOOR, NEW YORK, NY 10017
**PH** 646.863 1531 | **FAX** 929.214 4181 | **WWW** GMRLAWFIRM.COM

May 1, 2018

Hadassah L. Orenstein, M.D.
29 North Drive
Great Neck, NY 11021-1334

Re:    **State Farm Mut. Auto. Ins. Co. v. Mittal, M.D., et al**
       **Docket No.:**      **1:16-cv-04948 (E.D.N.Y.)**
       **Our File Number:**    **SF.00071**

Dear Dr. Orenstein:

You were previously served with a subpoena to appear for a deposition in the above referenced matter.  This deposition was scheduled to occur on November 3, 2017.  You did not appear for the deposition.

Since that time, we have attempted to work out a settlement, but have been unsuccessful in reaching a settlement with some of the Defendants and, therefore, the litigation continues

I request that you provide dates for the rescheduling of your deposition to occur on a date in May 2018.  If I do not hear back from you by May 7, 2018 with dates for the rescheduling of your deposition, I will need to place this matter before the Court in the form of a motion to compel.  It is my hope that we can avoid court intervention by mutually scheduling your deposition for a convenient date.

I look forward to hearing from you.  I can be reached at 215-735-3994.

Very truly yours,

RICHARD M. CASTAGNA

RMC/tp

CY GOLDBERG °•••
LORI C MILLER °•
JASON W. RUBIN °••
EAMON C. MERRIGAN °•
RICHARD M. CASTAGNA °••
MATTHEW A. MORONEY °••
CLAIRE B. NEIGER °• -
KRISTINE MEINDL °•
JOSEPH W. PETKA °
WARREN D. HOLLAND °••
DANA M. KOOS °
LUCILLE BITTERMAN °•
IAN T. KINGSLEY °••
JEFFREY E. TENTHOFF °•
JILLIAN VUKSON °
VIRGINIA KING °•

••ALEXANDER W. COGBILL
°• JOEL H. FEIGENBAUM
° LAUREN B. GLYNN
°• JESSICA SMERIGLIO
° TYSON M. MOTT
• MATTHEW D. LAVOIE
•• BRANDON EVANGELIST
°• BRETT A. KIER
•• SAMANTHA PULLMAN
••KATELYN HUTCHISON
• KEVIN CARTER
° ALEXANDRA MARKWARD
• ROBERT BOGLE
•THOMAS HOLMGREN
° JENNIFER CARAWAY



GOLDBERG, MILLER & RUBIN

767 THIRD AVENUE, 24TH FLOOR, NEW YORK, NY 10017
PH 646 863 1531 | FAX 929.214.4181 | WWW.GMRLAWFIRM.COM

May 1, 2018

**Mary Jean Endozo**
**1218 Martine Avenue**
**Plainfield, NJ 07060-2623**

          Re:    **State Farm Mut. Auto. Ins. Co. v. Mittal, M.D., et al**
                 **Docket No.:**       **1:16-cv-04948 (E.D.N.Y.)**
                 **Our File Number:**   **SF.00071**

Dear Ms. Endozo:

        You were previously served with a subpoena to appear for a deposition in the above referenced matter.  This deposition was scheduled to occur on November 7, 2018.  You did not appear for the deposition.

        Since that time, we have attempted to work out a settlement, but have been unsuccessful in reaching a settlement with some of the Defendants and, therefore, the litigation continues.

        I request that you provide dates for the rescheduling of your deposition to occur on a date in May 2018.  If I do not hear back from you by May 7, 2018 with dates for the rescheduling of your deposition, I will need to place this matter before the Court in the form of a motion to compel.  It is my hope that we can avoid court intervention by mutually scheduling your deposition for a convenient date.

        I look forward to hearing from you.  I can be reached at 215-735-3994.

                Very truly yours,

                RICHARD M. CASTAGNA

RMC/tp

CY GOLDBERG °••°
LORI C. MILLER °•
JASON W RUBIN °••
EAMON C MERRIGAN °•
RICHARD M. CASTAGNA °••
MATTHEW A MORONEY °••
CLAIRE B. NEIGER ° • •
KRISTINE MEINDL °•
JOSEPH W. PETKA °
WARREN D HOLLAND °••
DANA M KOOS •
LUCILLE BITTERMAN °•
IAN T. KINGSLEY °••
JEFFREY E TENTHOFF °•
JILLIAN VUKSON •
VIRGINIA KING °•

•• ALEXANDER W. COGBILL
°• JOEL H FEIGENBAUM
• LAUREN B. GLYNN
°• JESSICA SMERIGLIO
° TYSON M MOTT
• MATTHEW D. LAVOIE
°• BRANDON EVANGELIST
•• BRETT A KIER
• SAMANTHA PULLMAN
°• KATELYN HUTCHISON
• KEVIN CARTER
° ALEXANDRA MARKWARD
• ROBERT BOGLE
•THOMAS HOLMGREN
° JENNIFER CARAWAY



GOLDBERG, MILLER & RUBIN

767 THIRD AVENUE, 24TH FLOOR, NEW YORK, NY 10017
PH 646 863 1531 | FAX 929.214.4181 | WWW.GMRLAWFIRM.COM

May 1, 2018

Marina Gorevich
1400 Ocean Avenue Apt 3C
Brooklyn, New York 11230

Re:   **State Farm Mut. Auto. Ins. Co. v. Mittal, M.D., et al**
      **Docket No.:**        **1:16-cv-04948 (E.D.N.Y.)**
      **Our File Number:**   **SF.00071**

Dear Ms. Gorevich:

        You were previously served with a subpoena to appear for a deposition in the above referenced matter. This deposition was scheduled to occur on November 10, 2017 at 10:00 a.m. You failed to appear

        I request that you provide dates for the rescheduling of your deposition to occur on a date in May 2018. If I do not hear back from you by May 7, 2018 with dates for the rescheduling of your deposition, I will place this matter before the Court in the form of a motion to compel.

        I look forward to hearing from you. I can be reached at 215-735-3994.

                                    Very truly yours,

                                    RICHARD M. CASTAGNA

RMC/tp



CY GOLDBERG ◦•▪
LORI C MILLER ◦▪
JASON W. RUBIN ◦▪▪
EAMON C MERRIGAN ◦▪
RICHARD M CASTAGNA ◦▪▪
MATTHEW A. MORONEY ◦▪▪
CLAIRE B NEIGER ◦▪ ▪
KRISTINE MEINDL ◦▪
JOSEPH W PETKA ◦
WARREN D HOLLAND ◦▪▪
DANA M. KOOS ◦
LUCILLE BITTERMAN ◦▪
IAN T KINGSLEY ◦▪▪
JEFFREY E TENTHOFF ◦▪
JILLIAN VUKSON ◦
VIRGINIA KING ◦▪

•▪ALEXANDER W COGBILL
◦▪ JOEL H FEIGENBAUM
◦ LAUREN B. GLYNN
◦▪ JESSICA SMERIGLIO
◦ TYSON M MOTT
▪ MATTHEW D LAVOIE
◦▪ BRANDON EVANGELIST
•▪ BRETT A KIER
▪• SAMANTHA PULLMAN
•▪KATELYN HUTCHISON
◦ KEVIN CARTER
◦ ALEXANDRA MARKWARD
▪ROBERT BOGLE
▪THOMAS HOLMGREN
◦ JENNIFER CARAWAY

**GOLDBERG, MILLER & RUBIN**

767 THIRD AVENUE, 24TH FLOOR, NEW YORK, NY 10017
**PH** 646.863.1531 | **FAX** 929.214.4181 | **WWW.GMRLAWFIRM.COM**

May 1, 2018

Svetlana Makaritcheva
245 Exeter Street
Brooklyn, NY 11235

    **Re:**  **State Farm Mut. Auto. Ins. Co. v. Mittal, M.D., et al**
       **Docket Number:**  **1:16-cv-04948**
       **Our File No.:**    **SF.00071**

Dear Ms. Makaritcheva:

   You were previously served with a subpoena to appear for a deposition in the above referenced matter. This deposition was scheduled to occur on November 1, 2017. You did not appear for the deposition.

   Since that time, we have attempted to work out a settlement, but have been unsuccessful in reaching a settlement with some of the Defendants and, therefore, the litigation continues.

   I request that you provide dates for the rescheduling of your deposition to occur on a date in May 2018. If I do not hear back from you by May 7, 2018 with dates for the rescheduling of your deposition, I will need to place this matter before the Court in the form of a motion to compel. It is my hope that we can avoid court intervention by mutually scheduling your deposition for a convenient date.

   I look forward to hearing from you. I can be reached at 215-735-3994.

        Very truly yours,

        RICHARD M. CASTAGNA

RMC/tp

CY GOLDBERG ⬧•▲•
LORI C MILLER ⬧•
JASON W RUBIN ⬧•▲
EAMON C MERRIGAN ⬧•
RICHARD M CASTAGNA ⬧•▲
MATTHEW A. MORONEY ⬧•▲
CLAIRE B NEIGER ⬧• •
KRISTINE MEINDL ⬧•
JOSEPH W. PETKA ⬧•
WARREN D HOLLAND ⬧•▲
DANA M KOOS ▲
LUCILLE BITTERMAN ⬧•
IAN T. KINGSLEY ⬧•▲
JEFFREY E. TENTHOFF ⬧•
JILLIAN VUKSON ⬧•
VIRGINIA KING ⬧•



•▲ALEXANDER W. COGBILL
⬧• JOEL H. FEIGENBAUM
⬧ LAUREN B. GLYNN
⬧• JESSICA SMERIGLIO
⬧ TYSON M MOTT
• MATTHEW D. LAVOIE
⬧• BRANDON EVANGELIST
•▲ BRETT A. KIER
▲• SAMANTHA PULLMAN
⬧• KATELYN HUTCHISON
⬧ KEVIN CARTER
▲ ALEXANDRA MARKWARD
• ROBERT BOGLE
•THOMAS HOLMGREN
⬧ JENNIFER CARAWAY

GOLDBERG, MILLER & RUBIN

767 THIRD AVENUE 24ᵀᴴ FLOOR, NEW YORK, NY 10017
PH 646 863 1531 | FAX 929 214 4181 | WWW GMRLAWFIRM COM

May 1, 2018

**VIA EMAIL (shelly.mittal@gmail.com)**
Amita Mittal
180 Four Corners Road
Staten Island, New York 10304-1222

      Re:    **State Farm Mut. Auto. Ins. Co. v. Mittal, M.D., et al**
              **Docket No.:**    **1:16-cv-04948 (E.D.N.Y.)**
              **Our File Number:**   **SF.00071**

Dear Mrs Mittal:

You were previously served with a subpoena to appear for a deposition in the above referenced matter. This deposition was scheduled to occur on October 27, 2017. You did not appear for the deposition.

Since that time, we have attempted to work out a settlement, but have been unsuccessful in reaching a settlement with some of the Defendants and, therefore, the litigation continues.

I request that you provide dates for the rescheduling of your deposition to occur on a date in May 2018. If I do not hear back from you by May 7, 2018 with dates for the rescheduling of your deposition, I will need to place this matter before the Court in the form of a motion to compel. It is my hope that we can avoid court intervention by mutually scheduling your deposition for a convenient date.

I look forward to hearing from you. I can be reached at 215-735-3994.

Very truly yours,

RICHARD M. CASTAGNA

RMC/tp



## Frank D'Esposito

| | |
|---|---|
| **From:** | Richard Castagna <RCastagna@gmrlawfirm.com> |
| **Sent:** | Wednesday, May 02, 2018 10:44 AM |
| **To:** | Frank D'Esposito |
| **Cc:** | Matt Moroney; Angelica Auddino |
| **Subject:** | State Farm v. Mittal, et al - Dr. Haselkorn |

Frank:

I want to proceed with the deposition of Dr. Haselkorn.  He is not a party to the litigation.  He has been subpoenaed for a deposition.  Please provide dates for his deposition to take place in May 2018.

If you are not going to voluntarily produce him for a deposition, please let me know so that I can address this with this Court.

thanks,

Rich



**RICHARD M. CASTAGNA, PARTNER**

<u>121 SOUTH BROAD STREET, SUITE 1600</u>
<u>PHILADELPHIA, PA 19107</u>

<u>rcastagna@gmrlawfirm.com</u> | <u>gmrlawfirm.com</u>
P: 215 735 3994 | F: 215 735 1133

Exhibit

C

**Frank D'Esposito**

| | |
|---|---|
| **From:** | Richard Castagna <RCastagna@gmrlawfirm com> |
| **Sent:** | Tuesday, May 08, 2018 4.56 PM |
| **To:** | Frank D'Esposito |
| **Cc:** | Matt Moroney; Angelica Auddino |
| **Subject:** | State Farm v. Mittal, et al - Discovery |

Frank:

The Court ordered David Safir to produce transcripts.  He has failed to produce any transcripts and I believe his affidavit is worded in such a way that interprets the Court's Order in bad faith.

I ask that you have your client identify all transcripts that are in the possession, custody and control of the Defendants.

Also, as to the following individuals, please let me know if any of them remain employed by Jamaica Wellness or United Wellness:

- Natalie Florez
- Svetlana Makatitcheve
- Marina Zarivaska
- Dr. Orenstein
- Dr. Mao
- Dr. Elhadidy
- Mary Endozo
- Irina Genina
- Sofia Fiorentan
- Tatiana Rytchagova
- Marina Futoran
- Dr. Margaret Sobin
- Mina Fabricante
- Mier Sun Lastra
- Katherine Paz
- Sara Javier Chiro
- Eliz Tanya Ramirez
- Nathalie Brigette Salazar Flores
- Rahill Thomas
- Yu Cheng Chen
- Amy Brea
- Alex Lee
- Graig Granovsky
- Donna Patel
- Gina Ghandi
- Mari Chocolato
- Richard Sternberg

If I do not hear back from you by the end of the week, I will assume that none of these individuals are employed by Jamaica or United.

thanks,

Rich



**RICHARD M. CASTAGNA, PARTNER**

121 SOUTH BROAD STREET, SUITE 1600
PHILADELPHIA, PA 19107

rcastagna@gmrlawfirm.com | gmrlawfirm.com
P. 215.735 3994 | F· 215.735.1133



**From:** Richard Castagna
**Sent:** Tuesday, January 23, 2018 5:20 PM
**To:** 'Frank D'Esposito' <fdesposito@loomb.net>
**Cc:** Angelica Auddino <AAuddino@gmrlawfirm.com>
**Subject:** RE: State Farm v. Jamaica Wellness - settlement agreement 2nd Draft

Frank:

I will write to Judge Gold   I will also submit to my clients for review and approval and I assume that you have reviewed with your clients and they have authorized execution of the agreement as drafted.  If not, please confirm as I do not want to be running around on circles.

thanks again,

Rich



RICHARD M. CASTAGNA, PARTNER

121 SOUTH BROAD STREET, SUITE 1600
PHILADELPHIA, PA 19107

rcastagna@gmrlawfirm.com | gmrlawfirm.com
P: 215.735.3994 | F: 215.735.1133

**From:** Frank D'Esposito [mailto:fdesposito@loomb.net]
**Sent:** Tuesday, January 23, 2018 5:08 PM
**To:** Richard Castagna <RCastagna@gmrlawfirm.com>
**Subject:** RE: State Farm v. Jamaica Wellness - settlement agreement 2nd Draft

I just reviewed your last draft with Melissa and it appears fine. Are you going to send a correspondence to Judge Gold requesting that he maintain jurisdiction regarding the legal fees provision?

**From:** Richard Castagna [mailto:RCastagna@gmrlawfirm.com]
**Sent:** Tuesday, January 23, 2018 4:43 PM
**To:** Frank D'Esposito <fdesposito@loomb.net>
**Cc:** Angelica Auddino <AAuddino@gmrlawfirm.com>; Angelica Auddino <AAuddino@gmrlawfirm.com>
**Subject:** RE: State Farm v. Jamaica Wellness - settlement agreement 2nd Draft

Frank:

Where are we on this?  I would like to get a draft agreement to my client soon.

thanks,

Rich

2

# Exhibit

# E

## Angelica Auddino

| | |
|---|---|
| **From:** | Richard Castagna |
| **Sent:** | Tuesday, January 30, 2018 3:46 PM |
| **To:** | Angelica Auddino |
| **Subject:** | FW: State Farm v Jamaica Wellness - settlement agreement 2nd Draft |

**From:** Frank D'Esposito
**Sent:** Tuesday, January 30, 2018 3:45:20 PM (UTC-05:00) Eastern Time (US & Canada)
**To:** Richard Castagna
**Subject:** RE: State Farm v. Jamaica Wellness - settlement agreement 2nd Draft

Rich;
The letter to Judge Gold is fine. I forwarded the final version to Melissa and it should have final approval hopefully by
tomorrow.
Thanks

**From:** Richard Castagna [mailto:RCastagna@gmrlawfirm.com]
**Sent:** Tuesday, January 30, 2018 9:45 AM
**To:** Frank D'Esposito <fdesposito@loomb.net>
**Cc:** Matt Moroney <MMoroney@gmrlawfirm.com>; Angelica Auddino <AAuddino@gmrlawfirm.com>
**Subject:** RE: State Farm v. Jamaica Wellness - settlement agreement 2nd Draft

Frank:

I have attached the final version of the settlement agreement.  My clients asked me to make several non-substantive
changes.  I used track changes so that it was easy for you to identify the changes.

I have also attached the proposed letter to Judge Gold.  If you have no issues with the letter, I will submit to Judge Gold
as soon as I hear back from you.

thanks,

Rich



**RICHARD M. CASTAGNA, PARTNER**

121 SOUTH BROAD STREET, SUITE 1600
PHILADELPHIA, PA 19107

rcastagna@gmrlawfirm.com | gmrlawfirm.com
P  215 735 3994 | F. 215.735.1133

1



**Angelica Auddino**

| | |
|---|---|
| **From:** | Richard Castagna |
| **Sent:** | Wednesday, February 21, 2018 4:43 PM |
| **To:** | Angelica Auddino |
| **Subject:** | FW: Depositions |

**From:** Frank D'Esposito
**Sent:** Wednesday, February 21, 2018 4:42:32 PM (UTC-05:00) Eastern Time (US & Canada)
**To:** Richard Castagna
**Subject:** RE: Depositions

Rich:
Melissa is in the process of going over everything with Dr. Mittal and his family.  She is meeting with them tonight. I will speak to you tomorrow. Please do not send the documents to the court until I speak to you then.
Frank

**From:** Richard Castagna [mailto:RCastagna@gmrlawfirm.com]
**Sent:** Wednesday, February 21, 2018 1:38 PM
**To:** Frank D'Esposito <fdesposito@loomb.net>
**Cc:** Angelica Auddino <AAuddino@gmrlawfirm.com>
**Subject:** RE: Depositions

Frank:

I still have not heard from you.  I left another message with your staff yesterday.

I will be sending the attached documents to the Court tomorrow and inform the Court of the circumstances of the parties' agreement.  I would like to hopefully discuss with you beforehand.

thanks,

Rich



**RICHARD M. CASTAGNA, PARTNER**

121 SOUTH BROAD STREET, SUITE 1600
PHILADELPHIA, PA 19107

rcastagna@gmrlawfirm.com | gmrlawfirm.com
P: 215.735 3994 | F: 215.735.1133

**From:** Richard Castagna
**Sent:** Friday, February 16, 2018 4:18 PM

1

STATE OF NEW YORK
              ss.:
COUNTY OF KINGS

     **MELISSA BETANCOURT,** an attorney duly admitted to practice law in the State of New York, affirms the truth of the following under penalty of perjury:

     I am not a party to the action, am over the age of eighteen (18) years and reside in New York, New York. On May 17, 2018, I served the within

**AFFIRMATION IN OPPOSITION TO ENFORCE SETTLEMENT**

By depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Goldberg, Miller, & Rubin
121 South Broad Street, Suite 1600
Philadelphia, PA 19107

Dated: Brooklyn, New York
      May 17, 2018

                                      MELISSA BETANCOURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

              **CIVIL ACTION:**
              **Docket No.: 1:16-cv-04948**

       Plaintiff,

    vs.

JAMAICA WELLNESS MEDICAL, P.C.,
BRIJ MITTAL, M.D., MARC LAMPA, D.C.,
UNITED WELLNESS CHIROPRACTIC,
P.C., GREGORY MILLER a/k/a GREGORI
MICKILWSKI, DAILY MEDICAL
EQUIPMENT DISTRIBUTION CENTER,
INC., LIDA'S MEDICAL SUPPLY, INC.,
And DAVID SAFIR

       Defendants.

-----------------------------------------------------------------------------X

## AFFIRMATION IN OPPOSITION TO ENFORCE SETTLEMENT

LAW OFFICES OF MELISSA BETANCOURT, P.C.
2761 BATH AVENUE, SUITE B1 & B2
BROOKLYN, NEW YORK 11214
(718)336-8076