```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
STATE FARM MUTUAL AUTOMOBILE              :
INSURANCE COMPANY,                        :
                                          :    MEMORANDUM &
                        Plaintiff,        :    ORDER
                                          :    16-CV-4948 (FB) (SMG)
        -against-                         :
                                          :
BRIJ MITTAL, M.D., MARC LAMPA, D.C.,      :
GREGORY MILLER a/k/a/ GREGORI MICKILWSKI, :
DAILY MEDICAL EQUIPMENT DISTRIBUTION      :
CENTER, INC., UNITED WELLNESS             :
CHIROPRACTIC, P.C., JAMAICA WELLNESS      :
MEDICAL, P.C., LIDA'S MEDICAL SUPPLY, INC.,:
and DAVID SAFIR.                          :
                                          :
                        Defendants.       :
----------------------------------------------------------------------x
GOLD, STEVEN M., U.S.M.J.:
```

## INTRODUCTION

This dispute broadly concerns the billing practices of the defendants. State Farm Mutual Automobile Insurance Company ("plaintiff") alleges that the defendants engaged in a conspiracy to defraud insurance companies, including plaintiff, by issuing fraudulent bills and medical records. Plaintiff's Memorandum of Law in Support of Plaintiff's Response to Defendants' Motion to Stay ("Pl.'s Mem.") at 3, Docket Entry 65-1. Defendants Jamaica Wellness Medical, P.C., Brij Mittal, M.D., Marc Lampa, D.C., United Wellness Chiropractic, P.C. and David Safir's (collectively "moving defendants") now seek to stay their depositions. Motion to Stay Depositions, Docket Entry 64. Plaintiff opposes this motion. For the following reasons, moving defendants' motion to stay is denied without prejudice to renew should the underlying facts change.

## PROCEDURAL HISTORY

Plaintiff commenced this action on September 6, 2016. Complaint ("Compl."), Docket Entry 1. It took some time before the parties were prepared to commence taking depositions. On January 12, 2018, a conference was held at which the scheduling of depositions was addressed. Transcript of January 12, 2018 Status Conference ("Jan. 12 Tr."), Docket Entry 61. At that conference, each of the parties argued that the other should be subject to deposition first. Jan. 12 Tr. 15:1-6; 16:3-13. After hearing the dispute, the Court directed that defendants could conduct plaintiff's deposition on February 8, 2018, provided that defendants Lampa and Safir would appear for depositions on February 9 and 12, 2018, respectively. *Id.* 18:13-20; Minute Entry dated January 12, 2018, Docket Entry 56.

Plaintiff's deposition went forward as scheduled, but the depositions of defendants Lampa and Safir did not. Pl.'s Mem. at 4. Instead, at the conclusion of plaintiff's deposition, counsel for defendants requested an immediate conference, and the Court held one. During the conference, counsel for moving defendants informed plaintiff's counsel and the Court that he had just learned that his clients were under investigation by the New York State Attorney General's Office (the "AG" or the "AG's Office"). Transcript of February 8, 2018 Telephone Conference ("Feb. 8 Tr") 3:21-25—4:1, Docket Entry 62. Defense counsel further informed the Court that his clients had been the subjects of this investigation since at least July 2017, when the AG's office executed a search warrant at the office of defendant Jamaica Wellness Medical, P.C. *Id.* 4:2-5; *see also* Moving Defendants Motion to Stay ("Motion to Stay"), Ex. B, Search Warrant Receipts executed on July 17, 2017 at 60-82, Docket Entry 64.[1]

---

[1] Because moving defendants' motion is not separately paginated, I use the pagination provided by the Court's Electronic Case Filing System.

Upon learning of this development, the Court stayed discovery until March 23, 2018. Feb. 8 Tr. 7:13-14; 10:21-22. At the conclusion of that four-week period, I granted the moving defendants leave to file the motion to stay now pending before the Court. Minute Entry dated March 23, 2018, Docket Entry 63. I also stayed further discovery pending a decision on the motion.

## DISCUSSION

A district court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). The authority to enter a stay is "incidental" to this power. *Id*. A party seeking a stay bears the burden of establishing the need for the stay. *Id.* at 97. A stay of a civil case because of a related criminal action "generally comes about when courts are concerned with the possibility that a civil case will unduly burden a defendant's Fifth Amendment right against self-incrimination." *Parker-El v. Morales*, 2015 WL 5920031, at *6 (S.D.N.Y. Oct. 9, 2015). Courts in this Circuit have considered the following factors when deciding whether a related criminal action warrants issuance of a stay:

> the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*SEC v. Blaszczak*, 2018 WL 301091, at *1-2 (S.D.N.Y. Jan. 3, 2018). These factors, rather than providing a rigid metric for determining whether to stay a civil proceeding, "can do no more than act as a rough guide for the district court as it exercises its discretion." *Louis Vuitton*, 676 F.3d at 99. A district court's decision, in other words, requires a particularized examination of the

facts and circumstances of an individual case. *Id.* Using the factors as a "rough guide," the Court concludes that a stay is not warranted at this time.

The first factor—the extent to which the issues in the criminal case overlap with those presented in the civil case—weighs slightly in favor of moving defendants. Although as of the date of this Order no criminal charges have been brought, the criminal investigation likely overlaps at least to some degree with the issues in this civil case. As moving defendants point out, the search warrant was executed by the AG's Auto Insurance Fraud Unit, which seized numerous patient files. Motion to Stay at 4, ¶ 3 and Exhibit B. State Farm alleges in this civil case that defendants submitted fraudulent bills for medical services rendered to their patients. Compl. ¶¶ 1-4. Accordingly, it seems likely that the criminal investigation and this civil action will overlap.

The second factor, the status of the criminal case, weighs heavily against issuing a stay. The only event in the criminal investigation identified by defendants is the search described above, which took place on July 20, 2017, almost a full year ago. Motion to Stay Ex. B. No charges have been brought against the moving defendants, and it is impossible to say whether any will be. Moving Defendants' Reply Affirmation ("Defs.' Reply") at 5, ¶ 9, Docket Entry 67.[2] "Courts . . . have generally agreed that a stay is not appropriate absent an indictment or special circumstances." *Citibank, N.A. v. Super Sayin' Pub., LLC*, 86 F. Supp. 3d 244, 247 (S.D.N.Y. 2015); *see also Empire Merchs., LLC v. Reliable Churchill LLLP*, 2017 WL 7411167, at *3 (E.D.N.Y. Jan. 11, 2017) (denying stay because, *inter alia*, defendant was charged in a criminal complaint but never arrested or indicted); *In re 650 Fifth Avenue*, 2011 WL 3586169, at *3 (S.D.N.Y. Aug. 12, 2011) (noting that "it is universally agreed that the mere pendency of a

---

[2] Because moving defendants' reply is not separately paginated, I use the pagination provided by the Court's Electronic Case Filing System.

4

criminal investigation standing alone does not require a stay" and that "district courts in this Circuit generally grant the extraordinary remedy of a stay only after the defendant seeking a stay has been indicted." (internal quotation marks citations omitted)); *Citibank, N.A. v. Hakim*, 1993 WL 481335, at *1 (S.D.N.Y. Nov. 18, 1993) (noting that defendant was a target of a grand jury investigation, but denying a stay primarily because the defendant had not been indicted); *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp 802, 805 (E.D.N.Y. 1992) ("Pre-indictment requests for a stay of civil proceedings are generally denied."). "Special circumstances" include government concerns about harm to ongoing investigations, special concerns related to bankruptcy cases, and cases where one defendant was indicted, but another was not. *Super Sayin'*, 86 F. Supp. 3d at 248 (describing "special circumstances" and collecting cases). Moving defendants have not presented any evidence of "special circumstances" or other unique concerns that would warrant a pre-indictment stay in this case.

The third factor—the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay—also cuts in favor of denying a stay. Plaintiff brought this action in September 2016 and has yet to conduct defendants' depositions. If a stay were issued, moreover, there is no telling how long it would last; the potential delay could be for years, even before an indictment is returned. *Cf. id.* (finding prejudice against plaintiffs because "there [was] no way of knowing how long the government's investigation and possible prosecution [of the defendant would] last"); *In re 650 Fifth Avenue*, 2011 WL 3586169, at *4 (denying motion to stay in a pre-indictment case because, *inter alia*, the delay faced by plaintiff was potentially indefinite). Finally, issuing a stay would likely increase the risk to plaintiff that assets that might be available to satisfy a judgment will be moved or

depleted in the interim. *Bernard v. Lombardo*, 2017 WL 2984022, at *3 (S.D.N.Y. June 9, 2017).

The fourth factor, the private interests of and burden on the defendants, tilts slightly in favor of issuing a stay. Moving defendants contend that without a stay they will be faced with the difficult choice of either invoking their Fifth Amendment right against self-incrimination when deposed in this case, likely resulting in an adverse inference, or running the risk of making statements that might be used to incriminate them. Motion to Stay at 6-7, ¶¶ 7, 9. On the facts presented here, though, the burden defendants face is relatively small. It appears that there has been no activity in the criminal investigation for nearly a year, and there "is no reason to think that a criminal prosecution is inevitable." *Super Sayin'*, 86 F. Supp. 3d at 248. In addition, the "potential for prejudice is diminished where . . . a private party, not the government, is the plaintiff in the civil action; it is less likely in such cases that the civil discovery process will be used as a cloak to conduct criminal discovery." *Lombardo*, 2017 WL 2984022, at *4 (quoting *Hakim*, 1993 WL 481335, at *2).

The fifth factor, the interests of the Court, weighs in favor of denying a stay. This Court has an interest in advancing its docket and avoiding further delay, particularly for an indeterminate amount of time. *Lombardo*, 2017 WL 2984022, at *4; *Super Sayin'*, 86 F. Supp. 3d at 248. While not issuing a stay may "require the Court to adjudicate [further] discovery disputes should [moving defendants] choose to assert [their] privilege, the Court is prepared to deal with that issue if and when it arises." *Super Sayin'*, 86 F. Supp. 3d at 248.

Finally, the sixth factor, the public interest, tilts strongly in favor of denying a stay. This is not a small case, or one that will impact only the parties to it; plaintiff alleges that defendants submitted hundreds of thousands of dollars of potentially fraudulent claims; if true, defendants

have imposed substantial costs on plaintiff that were undoubtedly passed on to consumers in the form of higher premiums. Compl. ¶ 81; Jan. 12 Tr. 20:16-21.

## CONCLUSION

For the reasons stated above, the circumstances presented here weigh strongly against the issuance of a stay. Accordingly, moving defendants' motion to stay their depositions is denied. Should defendants' circumstances change, and in particular in the event moving defendants are indicted, they may renew their motion for a stay.

SO ORDERED.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
June 25, 2018

*U:\#VAR 2017-2018\State Farm V. Mittal_16-Cv-4948\State Farm V. Mitall_16cv4948_Motiontostay_FINAL.Docx*